IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KEVIN BROWN, | § | |
| | § | |
|     *Pro Se* Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-14-1756 |
| | § | |
| UNITED STATES POSTAL INSPECTION | § | |
| SERVICE, et al., | § | |
| | § | |
|     Defendants. | § | |

## OPINION AND ORDER OF PARTIAL DISMISSAL

Pending before the Court in the above referenced cause, seeking damages and punitive damages for violations of the First, Fourth, Fifth and Fourteenth Amendments of the federal Constitution, "Title VI" of the Civil Rights Act of 1964,[1] and the "OJ Program Statute,"[2] is a motion to dismiss (instrument #19) the complaint of *pro se* Plaintiff Kevin Brown ("Brown"), proceeding *in forma pauperis*, filed by Defendants the United States Postal Service ("USPS") and the United States Postal Inspection Service ("Postal Service").

**Factual Allegations of Brown's Original Complaint (#1)**

The Court summarizes only allegations involving USPS and the Postal Service in some way for the purposes of the pending motion. The complaint is difficult to understand. To the best of this

---

[1] Title VI, 42 U.S.C. § 2000d, provides, "No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."

[2] The Court does not know what this statute is.

-1-

Court's comprehension, Brown, who rents a post office box, complains that on June 28, 2012, he was parking in a lot on USPS property in order to retrieve his mail from his box when he apparently hit a stopping bar with exposed rusty iron rebars that caused his tire to go flat. He reported the damage to USPS supervisor Denise J. Raipe ("Raipe), who is not individually a named Defendant in this action. Raipe allegedly told the police "to falsely arrest Kevin Brown to avoid signing the tow-wrecker ticket slip" and to seize his cell phone and its pictures. Brown also alleges his Ford Mustang was seized by Postal Police Gonzalez, unit #P1391, also not an individually named Defendant. Brown further alleges thatPost Office Police Ibarra ("Ibarra," also not individually named), unit #2163, arrived to investigate and told Brown that Raipe was liable and that Brown would be reimbursed if he filed a postal accident claim. He further claims that Ibarra and a Harris County Sheriff's Officer deputy, Deborah E. Nolan ("Nolan"), deleted Brown's cell phone pictures of the flat tire. Brown asserts that even though the investigation found no criminal activity by Brown and Ibarra knows there was no probable cause, Ibarra illegally seized and arrested Brown and falsely accused him of "manufacturing with the intent to deliver simulated controlled substance dial antibacterial soap." Brown alleges that Ibarra and Gonzalez watched Nolan falsely arrest him and made no effort to stop her. Brown remained in jail for eight hours until the case

was dismissed for lack of probable cause. Brown alleges that while he was in jail, Postal police Ibarra and Gonzalez stole his driver's license and would not return it.

On July 13, 2012 Brown filed an Internal Affairs Division complaint with Harris County Sheriff's Office against Nolan. Nolan retaliated and filed a false charge against him for "criminal trespass" for changing the tire in the parking lot where he rented the post office box, and he spent six months in jail on that charge.

## Applicable Law

"The United States, as sovereign, is immune from suit save as it consents to be sued." *U.S. v. Sherwood*, 3122 U.S. 584, 586 (1941). "'Because sovereign immunity is jurisdictional in nature, 'Congress's 'waiver of [it] must be unequivocally expressed in statutory test and will not be implied.'" *Hernandez v. United States*, 757 F.3d 249, 259 (5th Cir. 2014), *quoting Freeman v. United States*, 556 F.3d 326, 334-35 (5th Cir. 2009), *quoting Block v. N.D. ex rel. Bd. of Univ. & Sch. Lands*, 461 U.S. 273, 287 (1983). The United States has consented to be sued under certain circumstances in tort cases by the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680, which provides a limited waiver of immunity of the United States' sovereign immunity from suit: the United States shall be liable for "injury or . . . death caused by the negligent or wrongful act or omission of any employer of the Government

. . . under circumstances where the United States, if a private person, would be liable to the claimant." *Stanley v. Central Intelligence Agency*, 639 F.2d 1146, 1156-57 (5th Cir. 1981), *quoting* 28 U.S.C. § 1346(b). The FTCA "is the exclusive remedy for compensation for a federal employee's tortious acts committed in the scope of employment." *McGuire v. Turnbo*, 137 F.3d 321, 324 (5th Cir. 1998). Nevertheless "[t]o sue successfully under the FTCA, a plaintiff must name the United States as the sole defendant." *Id.* "All defendants other than the United States" should be dismissed for lack of subject matter jurisdiction. *Atorie Air, Inc. v. F.A.A.*, 942 F.2d 954, 957 (5th Cir. 1991); *King v. U.S. Dept. of Veterans Affairs*, 728 F.3d 410, 413 n.2 (5th Cir. 2013).

Claims not grounded in the FTCA, but brought under the United States Constitution do not arise under the FTCA and are barred by sovereign immunity unless one of the limited exceptions to sovereign immunity is present. *Hall v. Hemphill Sheriff Morse Borroughs*, Civ. A. No. 2:13-CV-124-J, 2014 WL 5472433, at *9 n.3 (N.D. Tex. Oct. 29, 2014), *citing Boda v. United States*, 698 F.2d 1174, 1176 (5th Cir. 1983). The United States has not waived immunity to a suit brought against it for a violation of a constitutional right. *FDIC v. Meyer*, 510 U.S. 471 (1994). Thus all allegations against a federal employee sued in his official capacity should be dismissed. *Bivens v. Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 383 (1971).

**Defendants' Motion to Dismiss (#19)**

USPS and Postal Service assert that sovereign immunity shields them from suit. *Federal Deposit Insurance Corp. v. Meyer*, 510 U.S. 471, 475 (1994)(absent waiver, sovereign immunity shields the federal government and its agencies from suit, and the bar is jurisdictional). Brown cannot sue an individual agency, but must sue the United States, the only proper defendant in an FTCA action.

**Court's Decision**

Title VI of the Civil Right Act, cited by Brown, does not constitute a waiver of sovereign immunity. *LeRoy v. U.S. Marshal's Service*, No. Civ. A. 06-11379, 2007 WL 4234127, at *2 (E.D. La. Nov. 28, 2007), *citing Dorsey v. U.S. Dept. of Labor*, 41 F.3d 1551, 1554-55 (D.D.C. 1994). *See also Gary v. F.T.C.*, 526 Fed. Appx. 145, 149 (3d Cir. 2013)("Title VI does not apply to federal agencies"), *cert. denied*, 134 S.Ct. 476 (2013), *citing Soberal-Perez v. Heckler*, 717 F.2d 36, 38 (1983)(Title VI "was meant to cover only those situations where federal funding is given to a non-federal entity, which, in turn, provides financial assistance to the ultimate beneficiary."), *cert. denied*, 466 U.S. 929 (1984). Thus Brown fails to state a claim under Title VI against USPS and Postal Service.

Plaintiff is barred by sovereign immunity from suing the federal agencies USPS and Postal Service under the FTCA; instead he can only bring those claims against the United States, which alone

may be the named Defendant for such. He also cannot sue the agencies for constitutional violations because suits against them are suits against the United States, which has not consented to suit for constitutional torts.

Accordingly, the Court

ORDERS that their motion to dismiss (instrument #19) is GRANTED.

**SIGNED** at Houston, Texas, this 12th day of December, 2014.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE